# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NORELL MONTRAIL SWAIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-01965-MHH-TMP |
| LIEUTENANT PETERSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On December 21, 2016, the magistrate judge entered a report in which he recommended that the Court grant the defendants' motion for summary judgment. (Doc. 32). After three requests for extensions of time, plaintiff Norell Montrail Swain filed objections to the report and recommendation on March 14, 2017. (Doc. 39).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993

F.2d 776, 779 n. 9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In his objections, Mr. Swain argues that the magistrate judge wrongfully denied his motion to conduct additional discovery. Mr. Swain contends that evidence obtained in discovery would have supported his claims. (Doc. 39, pp. 2, 5). Mr. Swain does not dispute that his motion for discovery was deficient because he did not state how the disclosures provided by the defendants in their Special Report were inadequate to provide the information sought in his motion. (*See* Doc. 25, pp. 1-2). In addition, Mr. Swain does not dispute that his motion for discovery was untimely because he did not file the motion within 30 days from the date of the Special Report. (*Id.* at 2). Therefore, the Court finds that the magistrate judge did not abuse his discretion in denying Mr. Swain's motion for additional discovery.

Mr. Swain also objects that the magistrate judge wrongfully denied him appointment of counsel. (Doc. 39, pp. 2, 5). The magistrate judge's denial of Mr. Swain's motion for appointment of counsel was appropriate because there is no constitutional right to counsel in a civil case, and Mr. Swain's claims are neither novel nor complex. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567

Fed. Appx. 744, 749 (11th Cir. 2014).  Mr. Swain presented thorough arguments in his brief in opposition to the defendants' motion for summary judgment (Doc. 30) and in his objections to the report and recommendation (Doc. 39).

Mr. Swain also objects that the magistrate judge refused to consider his sworn affidavit (Doc. 24, pp. 13-21) in opposition to the defendants' motion for summary judgment. (Doc. 39, p. 2).  The record demonstrates that the magistrate judge repeatedly cited and relied on Mr. Swain's affidavit.  (Doc. 32, pp. 5-9, 11-13, 19-20, 22).

Mr. Swain next objects to defendant Price's affidavit because he did not receive a copy of it.  (Doc. 39, p. 4).  Mr. Swain states that he notified the Court that he had not received a copy of Mr. Price's affidavit.  (*Id.*).  The Court has reviewed the submissions that Mr. Swain filed after the defendants filed their Special Report on March 29, 2016.  (Docs. 24, 26, 27, 30, 33, 35, 37).  On May 19, 2016, Mr. Swain filed a "Rule 56(d) Motion," in which he stated that he "cannot present facts essential to justify opposition to the defendant[s'] motion for summary judgment." (Doc. 24, p. 1).  Mr. Swain moved for leave to file written interrogatories and requests for production.  (*Id.*).  Mr. Swain sought production of documents from Investigations & Intelligence ("I & I") concerning the assault on August 31, 2015, Sergeant Antione Price's "sworn affidavit of knowledge of the incident," and reports from physicians at UAB concerning his eye condition.  (Doc.

24, p. 7). Mr. Swain did not specifically state in his motion, or anywhere else, that Mr. Price's affidavit was not included in the defendants' Special Report. (*Id.*). The magistrate judge construed Mr. Swain's motion as one for discovery. (Doc. 25, p. 2). The magistrate judge informed Mr. Swain that the defendants had filed a Special Report which included affidavits and institutional documents. (*Id.* at 1). The magistrate judge denied Mr. Swain's discovery motion because he (Mr. Swain) did not state how the disclosures provided in the defendants' Special Report were inadequate to provide the information sought in the discovery motion. (*Id.* at 2). Again, Mr. Swain failed to specifically notify the Court that Mr. Price's affidavit was not included in the Special Report.[1]

Regardless, Mr. Swain has not been prejudiced due to the omission of Mr. Price's affidavit from the Special Report. First, the magistrate judge cited Mr. Price's affidavit for facts that are neither in dispute nor material to summary judgment. (Doc. 32, pp. 4-5).[2] Additionally, the magistrate judge's conclusion that the defendants were not deliberately indifferent to Mr. Swain's safety is well

---

[1] In his response to summary judgment, Mr. Swain stated that the defendants' affidavits supported his claims that they were deliberately indifferent to his safety. (Doc. 30, p. 7). Mr. Swain did not complain that Mr. Price's affidavit was missing from the Special Report. (*Id.* at 9-10). At most, Mr. Swain complained that the magistrate judge denied his request for documents from I & I and interrogatories.

[2] Consistent with the applicable standard of review, if the facts were disputed, the magistrate judge construed the facts in the light most favorable to Mr. Swain. (Doc. 32, pp. 2-4). The magistrate judge noted disputed factual allegations in footnote form. (*Id.* at 4-14).

4

supported by other evidence in the record aside from Mr. Price's affidavit. (*See* Doc. 32, pp. 16-24).

In his objections, Mr. Swain restates his claims that defendants Peterson and Price were deliberately indifferent to his safety. (Doc. 39, pp. 2-5). However, there is no evidence that defendants Peterson and Price knew that inmate Johnson would violate the Living Agreement and attack Mr. Swain. Moreover, Mr. Swain's claim that inmate Johnson was not in his "right mind" when he signed the Living Agreement and defendant Peterson and Price should have known that Johnson would violate the agreement is speculative and not supported by the evidence. (Doc. 39, p. 4).

Mr. Swain further claims that inmate Johnson attacked him again on August 31, 2015, about 35 or 45 minutes after he notified defendants Gilbert, Thrasher, and Godsey that Johnson had threatened him and assaulted him the day before. (Doc. 39, p. 7). The undisputed evidence shows that defendants Gilbert, Thrasher, and Godsey were in the process of investigating Mr. Swain's claims and reviewing the incident reports and other institutional documents, including the body charts and Living Agreement, when Johnson attacked Mr. Swain. (Doc. 24, p. 17, Swain Aff.; Doc. 21-3, Gilbert Aff. at 1; Doc. 21-5, Thrasher Aff. at 2; Doc. 21-4, Godsey Aff. at 2-3). Thus, Mr. Swain has not demonstrated that these defendants were deliberately indifferent to his safety at the time of the attack. Mr. Swain claims

that the officers were not investigating his claims (Doc. 39, pp. 6-7), but he has no personal knowledge of this alleged fact because he left the shift office and was walking with Officers Keyes, Steele, and Sanders when Johnson attacked him outside of Captain Tew's office. (Doc. 24, pp. 18-19). While defendants Gilbert, Thrasher, and Godsey may have been aware at the time that Johnson posed a significant risk of harm to Mr. Swain, the record contains no evidence demonstrating that they were deliberately indifferent to Mr. Swain's safety.

Having carefully reviewed and considered de novo all the materials in the record, including the report and recommendation and Mr. Swain's objections, the Court overrules Mr. Swain's objections. The Court adopts the magistrate judge's report and accepts his recommendation. Accordingly, the Court grants the defendants' motion for summary judgment. The Court will enter a separate final order.

**DONE** and **ORDERED** this March 22, 2017.

*/s/ Madeline H. Haikala*
_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE